No. 3271

Second Circuit

——

THORSELL, ET AL. v. GENERAL TIRE & RUBBER COMPANY

——

(June 28, 1928.   Opinion and Decree.)
(July 14, 1928.   Rehearing Refused.)

——

(*Syllabus by the Editor*)

1. **Louisiana Digest—Landlord and Tenant —Par. 64.**

In view of Civil Code, Articles 2716 et seq. the mere fact that the lessee, when delivering the premises, is unable to account for the broken lights, is not equivalent to proof that the breakage was in whole or in part due to inevitable accident.

Appeal from the Ninth Judicial District Court, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by John E. Thorsell, et al., against General Tire and Rubber Company.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

Hawthorn & Stafford, J. L. Pitts, Jr., of Alexandria, attorneys for plaintiffs, appellees.

Lamar Polk, of Alexandria, attorney for defendant, appellant.

WEBB, J. The plaintiffs, Thorsell and O'Pry, leased to John G. Hooe and Park M. Trigg, a building in which the latter conducted a commercial business under the

name of "Swift Tire Service," and becoming heavily involved they transferred all of the assets of the business to the General Tire & Rubber Company, giving the latter the right of occupancy of the building for the remainder of the term of the lease, and the General Tire & Rubber Company released the partnership and the individual members from all indebtedness due and assumed all liabilities· and obligations of the transferrors and bound and obligated itself to hold the transferrors harmless for the price of the lease.

During the time the. building was occupied by the transferrors of the General Tire & Rubber Company certain plate glass windows had been broken; also glass in the sash and skylights, and at the expiration of the lease, the building being left in· that condition, the lessors instituted this action against the General Tire & Rubber Company to recover damages, and the cause being submitted on the pleadings, including exhibits (the original lease and contract of the General Tire & Rubber Company) attached to the petition and admissions, judgment was rendered against defendant for the amount claimed, and it appeals.

Appellant contends that the evidence did not establish that the lessees were liable for the damage resulting either from the breaking of the plate glass or the glass in the window sash and skylights, and that defendant's liability being based upon an assumption of their liability, the judgment should be reversed.

The position of the appellant is that as to the plate glass windows the liability could arise only on proof of negligence, and that the record does not show any negligence, and as to the glass in the window sash and skylights, that the plaintiffs had admitted that the breakage resulted from an inevitable accident.

The parties do not disagree as to the ·law, but only as to the proof; it being contended that as to the plate glass windows the admission that one of the windows had been broken by an employee of the Swift Tire Service while engaged in demolishing the cab of a Ford truck, and that the other was broken by the heat from a stove, which had been located within a short distance of the glass, did not establish negligence, for the reason that the employee was not shown to have been acting within the scope of his employment, and that the stove was shown to have been in the same location for two years prior to the accident; and that the admission that the only cause which could be given for the glass being out of the window sash and skylights by the Swift Tire Service was the force or effect of the wind or other natural breakage and wear and tear, established that the breakage was due to inevitable accident.

The admission that the employee of the lessee broke one of the windows while engaged in work which appears to have been within the class of work done by the lessee, we think was at least prima facie proof of liability of the lessee, and the admission that the other window had been broken by the heat from a stove which was in close proximity to the window, made a prima facie showing of negligence which was not affected by the proof showing that the stove had been in the same location long prior to the glass being broken, and we do not think that the inability of the lessee to account for the manner in which the lights were broken out of the windows and skylights would relieve it of liability.

The lessor is obligated to return the premises in the condition in which it was received, with allowance for wear and tear, and is bound to replace glass in windows accidentally broken, and is only relieved

of the obligation when the breakage is in whole or greatest part due to inevitable accident (Civil Code, Arts. 2716, et seq.) and the mere fact that the lessee, when delivering the premises, is unable to account for the broken lights, is not equivalent to proof that the breakage was in whole or in part due to inevitable accident, such as a hail storm or wind of unusual violence.

The judgment appealed from is affirmed.